IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:12-CV-104-D

| | |
|---|---|
| DEANNA M. LOVE-MOORE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) **ORDER** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

On August 30, 2013, Magistrate Judge Webb issued a Memorandum and Recommendation ("M&R") [D.E. 35]. In that M&R, Judge Webb recommended that the court deny plaintiff's motion for judgment on the pleadings [D.E. 25], grant defendant's motion for judgment on the pleadings [D.E. 32], and affirm defendant's final decision. On September 18, 2013, plaintiff filed objections to the M&R [D.E. 38]. Defendant did not respond.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration in original) (emphasis and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and plaintiff's objections. As for those portions of the M&R to which plaintiff made no objection, the court is satisfied that there is no clear error on the face of the record.

The court has reviewed de novo the portions of the M&R to which plaintiff objected. The scope of judicial review of a final decision regarding disability benefits under the Social Security Act, 42 U.S.C. § 405(g), is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. See, e.g., Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is evidence that a reasonable mind "might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotation omitted). It "consists of more than a mere scintilla of evidence but may be less than a preponderance." Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). This court may not reweigh the evidence or substitute its judgment for that of the Commissioner. See, e.g., Hays, 907 F.2d at 1456. Rather, in determining whether substantial evidence supports the Commissioner's decision, the court's review is limited to whether the Commissioner analyzed the relevant evidence and sufficiently explained her findings and rationale concerning the evidence. See, e.g., Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997).

Love-Moore objects that (1) the ALJ failed to give proper weight to the opinion of Certified Physician Assistant Kevin Sampson; (2) the ALJ failed to give proper weight to records from Southeastern Regional Medical Center and Fairmont Medical Clinic; (3) the ALJ gave improper weight to the opinion of Dr. Kumar, a non-examining physician; (4) the ALJ's failure to give the proper weight to Dr. Clifford Charles's opinion was not harmless error; (5) the ALJ erroneously found that Love-Moore's depression was not severe; (6) the ALJ erroneously analyzed Love-Moore's credibility; (7) substantial evidence does not support the ALJ's RFC determination, and (8) the ALJ's hypothetical to the vocational expert was improper. See [D.E. 35, 38].

Judge Webb's M&R addresses each argument. Both Judge Webb and the ALJ applied the proper legal standards. Moreover, substantial evidence supports the ALJ's findings.

Only plaintiff's contention that the ALJ failed to expressly weigh Dr. Charles's opinion and to give proper weight to the opinion merits further discussion. Judge Webb concluded that the ALJ erred by failing to consider Dr. Charles's opinion, but that the error was harmless. [D.E. 35] 27–29. Love-Moore asserts that the error was not harmless and contends that the ALJ would have reached a different conclusion if Dr. Charles's opinion had been properly weighed because Dr. Charles opined "that plaintiff['s] mental impairment caused moderate limitation on [her] ability to perform sedentary work." [D.E. 38] 4–5.

In most cases, the ALJ's failure to consider a physician's opinion (particularly a treating physician) or to discuss the weight given to that opinion will require remand. See, e.g., Hill v. Astrue, 698 F.3d 1153, 1159–60 (9th Cir. 2012); Bowen v. Comm'r of Soc. Sec., 478 F.3d 742, 747, 750 (6th Cir. 2007); Hines v. Barnhart, 453 F.3d 559, 563 (4th Cir. 2006); cf. Grigg v. Director, Office of Workers' Comp. Programs, 28 F.3d 416, 420 (4th Cir. 1994). Dr. Charles was not a treating physician. Moreover, and more significantly, contrary to plaintiff's assertion, Dr. Charles did not opine that Love-Moore has moderate limitations on her ability to perform sedentary work. Tr. 511–28. Rather, Dr. Charles found that Love-Moore was moderately limited in her ability to understand and remember detailed instructions, to maintain attention and concentration for extended periods, to perform activities within a schedule, to complete a normal workweek without interruptions and to perform at a consistent pace without an unreasonable number and length of rest periods, and to respond appropriately to changes in the work setting. Id. 511–12. Dr. Charles further opined that Love-Moore has no other significant limitations, id., and that she is able to sustain sufficient attention to complete simple, routine tasks for a two-hour period, to accept

direction from a supervisor and maintain adequate relationships with co-workers, and to function with a stable work assignment. Id. 513. Dr. Charles concluded that Love-Moore is capable of performing simple routine repetitive tasks without undue supervision. Id. Dr. Charles's opinion is consistent with the ALJ's determination that Love-Moore's depression is not severe and with the ALJ's residual functional capacity determination. The ALJ's decision is otherwise supported by substantial evidence. Therefore, consideration of Dr. Charles's opinion would not have altered the ALJ's conclusion that Love-Moore is not disabled. Thus, the ALJ's failure to consider Dr. Charles's opinion was harmless error. See Morgan v. Barnhart, 142 F. App'x 716, 723 (4th Cir. 2005) (per curiam) (unpublished).

In sum, plaintiff's objections to the M&R [D.E. 38] are OVERRULED, plaintiff's motion for judgment on the pleadings [D.E. 25] is DENIED, defendant's motion for judgment on the pleadings [D.E. 32] is GRANTED, defendant's final decision is AFFIRMED, and this action is DISMISSED. The clerk shall close the case.

SO ORDERED. This 24 day of September 2013.

JAMES C. DEVER III
Chief United States District Judge

4